# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LEONDAS LAFAY** | ) | |
| **ELLINGTON DAVOLT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No.  12-1193-JAR** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security[1] denying Plaintiff Leondas LaFay Ellington Davolt's applications for disability benefits under Title II of the Social Security Act,[2] and supplemental security income benefits under Title XVI of the Social Security Act.[3]   Because the Court finds the Commissioner's decision is supported by substantial evidence, the Court affirms the decision of the Commissioner.

## I.      Procedural History

On April 7, 2008, Plaintiff filed a protective application for disability and disability insurance benefits; and on April 10, 2008, Plaintiff filed an application for supplemental security

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] 42 U.S.C. §§ 401–434.

[3] 42 U.S.C. §§ 1381–1383f.

income benefits.  Both applications claimed an onset date of February 4, 2008.  Plaintiff's

applications were denied initially and upon reconsideration.  Plaintiff timely requested a hearing

before an administrative law judge ("ALJ").  After a hearing, the ALJ issued a decision finding

that Plaintiff was not disabled; the Appeals Council denied Plaintiff's request for review of the

ALJ's decision.  Plaintiff then timely sought  judicial review before this Court.

## II.    Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is

supported by substantial evidence in the record as a whole and whether defendant applied the

correct legal standards.[4]  The Tenth Circuit has defined "substantial evidence" as "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."[5]  In the course

of its review, the court may not re-weigh the evidence or substitute its judgment for that of

defendant.[6]

## III.    Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment."[7] An individual

> shall be determined to be under a disability only if his physical or
> mental impairment or impairments are of such severity that he is
> not only unable to do his previous work but cannot, considering his
> age, education, and work experience, engage in any other kind of

---

[4]*See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).

[5]*Id.* (quoting *Castellano*, 26 F.3d at 1028).

[6]*Id.*

[7]42 U.S.C. § 423(d)(1)(A); § 416(i); § 1382c(a)(3)(A).

substantial gainful work which exists in the national economy.[8]

The Secretary has established a five-step sequential evaluation process to determine whether a claimant is disabled.[9]  If the ALJ determines the claimant is disabled or not disabled at any step along the way, the evaluation ends.[10]

## IV.   Discussion

Plaintiff does not challenge the ALJ's determination at step one that Plaintiff has not engaged in substantial gainful activity[11] since February 4, 2008, the alleged onset date.  Nor does Plaintiff challenge the ALJ's determination at step two that Plaintiff has medically "severe" impairments: obesity, lower back pain and fibromyalgia.  But Plaintiff challenges the ALJ's determination at step three that these impairments did not meet or equal any listing; at step four that Plaintiff has the residual functional capacity to perform the full range of sedentary work; and at step five, that although Plaintiff could not perform past relevant work, she could perform other work that exists in significant numbers in the national economy.  Plaintiff specifically challenges the ALJ's credibility determination that underlie his conclusion that Plaintiff has a residual functional capacity to perform the full range of sedentary work.  The ALJ found that although Plaintiff has the severe impairments noted above, ". . . claimant's statements concerning the intensity, persistence and limiting effects of these . . . are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment."

---

[8]*Id.* § 423(d)(2)(A); § 1382c(a)(3)(B).

[9]*Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1983).

[10]*Id.*

[11]*See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

Here, the ALJ acknowledged Plaintiff's testimony and stated that he had "considered all of the symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence," referencing a number of sections of the Social Security Act and its regulations.  The ALJ expressly discussed the requirements of SSR 96-7P,[12] that the Commissioner perform a two step evaluation, first determining whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's symptoms; and then, taking into the consideration the entire case record, evaluating the intensity, persistence, and functionally limiting effects of the symptoms to determine the extent to which the symptoms affect the individual's ability to do basic work activities.[13]  The ALJ further acknowledged the requirement that where the claimant's claimed symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the statements, based on consideration of the entire case record, and that findings as to credibility should be closely and affirmatively linked to substantial evidence.

Plaintiff contends that the ALJ improperly assessed her credibility, by: (1) erroneously discounting Plaintiff's testimony about her fibromyalgia, on the basis that x-rays revealed no evidence of fibromyalgia; (2) failing to consider the measures Plaintiff takes to alleviate pain; (3)  failing to fully consider the evidence concerning her daily activities; (4) failing to consider the objective evidence of Dr. Mintz's clinical observation that Plaintiff was in pain; and (5) failing to mention or consider Dr. Shelton's finding concerning Plaintiff's ambulatory

---

[12] SSR 96-7P, 1996 WL 374186, (S.S.A.), July 2, 1996.

[13] *Id.*; *Jones v. Astrue,* 500 F. Supp. 2d 1277, 1288–89. (D. Kan. 2007).

difficulties.  The Court addresses each in turn.

First, Plaintiff mis-characterizes the ALJ's findings concerning her fibromyalgia.  The ALJ found that Plaintiff had the severe impairment of fibromyalgia.  And in addressing whether this impairment met or equaled a listing, he did *not* discount the intensity, persistence or limiting effects of the fibromyalgia because there was no clinical evidence in the form of x-rays.  Indeed, as Plaintiff posits, fibromyalgia is not a condition observable through x-rays.  What the ALJ found, however, was that Plaintiff has the severe impairment of fibromyalgia; Dr. Shelton indicated in October 2008 that Plaintiff possibly had fibromyalgia based on multiple tender points; Dr. Sheldon further found "x-rays and scans of the spine, hands, knees and head are unremarkable *with* an indication of fibromyalgia"; and that Dr. Shelton found no evidence that Plaintiff's fibromyalgia caused her significant limitations.  Moreover, Plaintiff points to no evidence in the treating records that suggests significant limitations.

Similarly, Plaintiff ignores the ALJ's findings concerning measures Plaintiff takes to alleviate pain.  The ALJ found that Plaintiff takes pain medications, and noted that the treating records showed that with Lyrica, Plaintiff had reported improvement in her level of pain.  The ALJ also noted that Plaintiff used a back and knee brace while she worked.  He further acknowledged but found not credible, Plaintiff's subjective complaint that she needed to alternate positions and lay down.  The ALJ further noted that he had considered SSR 96-7p,[14] which provides a list of factors to consider in evaluating subjective accounts of pain and other symptoms.  Among the relevant factors the ALJ discusses in his opinion are the medications Plaintiff takes, including that the only side effects she suffered were from Lyrica, which caused

---

[14]SSR 96-7P, 1996 WL 374186, (S.S.A.), July 2, 1996.

her to be tired and sleepy.  The ALJ also discussed Plaintiff's use of other measures to alleviate or relieve pain, such as the use of a brace at work.

The ALJ also duly considered Plaintiff's daily activities, one of the relevant factors to consider under the regulations, in evaluating subjective complaints of pain.  Plaintiff contends that the ALJ did not fully consider her daily activities, however, because the ALJ did not consider that Plaintiff could only perform household tasks with the help of her cousin or other family members.  Yet the ALJ did acknowledge Plaintiff's evidence that she needed the assistance of family in caring for her home.  But the ALJ obviously gave little credence to that evidence; for he discussed other evidence that contradicted Plaintiff's evidence that she could only do household tasks with help.  During the period of alleged disability, Plaintiff worked. The ALJ discussed this work, finding that it did not constitute substantial gainful activity precluding a determination that Plaintiff was disabled.

The nature of this work was evidence the ALJ properly could and did consider in evaluating Plaintiff's credibility because Plaintiff's work activity constituted "other factors concerning . . . functional limitations and restrictions due to pain or other symptoms."[15]  Plaintiff testified that from December 2009 on, she worked twelve to eighteen hours a week at Casey's General Store, and sometimes worked double shifts; she reported on her work history forms that she worked twenty-five hours a week.  The work required her to stand at a cash register, except for hourly bathroom breaks.  During part of this same period, from March 2009 to February 2010, Plaintiff held another part-time job, as a home health care aide, working six days a week, five hours a day, for a total of 30 hours per week.  Her duties included performing light

---

[15]S.S.R. 96-7p(vi).

housework duties for the patient. Plaintiff apparently did this without assistance from anyone, as Plaintiff did not mention that she required help doing this household work. The ALJ properly considered Plaintiff's reported daily activities, as well as contradictory evidence. The ALJ may discredit a claimant's self-reported limitations if they are inconsistent with the evidence in the record.[16]

Finally, Plaintiff points to evidence in the treating records that she contends the ALJ erroneously ignored. First, Plaintiff contends that the ALJ improperly ignored the notes of Dr. Mintz, who did a psychological consultative examination of her over two sessions. In one session Dr. Mintz noted that Plaintiff ". . . appears to be in pain and distress," and in another note, on October 13, 2008, Dr. Mintz noted "[s]he states she is in pain and she does grimace, verbalize pain and otherwise exhibit 'pain behaviors today.'" The ALJ did not discredit that Plaintiff has pain, but found that the persistence, intensity and limiting effects of the pain as reported by Plaintiff was not supported by other substantial evidence. This Court finds that Dr. Mintz's noted observations of Plaintiff's communicative behaviors, including verbalizing that she was in pain and grimacing, is not substantial evidence that her pain had limiting effects to the degree reported by Plaintiff.

Plaintiff also points to an October 16, 2008 treatment note of her physician, Dr. Shelton, as evidence that the ALJ improperly ignored. But in this treatment note, Dr. Shelton made no independent findings concerning the persistence, intensity or limiting effect of Plaintiff's pain. Rather, Dr. Shelton's note merely records Plaintiff's subjective complaints of pain on that day— that Plaintiff reported difficulty with doing her hair, bathing, household chores, driving and

---

[16]*See* 20 C.F.R. § 416.929; *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987).

getting in and out of chairs.  While the ALJ did not mention these notes of Plaintiff's verbal

and/or nonverbal complaints of pain to Drs. Mintz and Shelton, given the ALJ's proper findings

on the above-mentioned factors, this Court finds that the ALJ properly assessed Plaintiff's

credibility.

Moreover, the ALJ considered other relevant facts and circumstances consistent with a

proper credibility analysis under S.S.R. 96-7p.  Not only did the ALJ find that Plaintiff's

subjective complaints of her inability to do housework without assistance inconsistent with her

work as a home health care aide, he found that she was terminated from her prior employment in

February 2008, not for health reasons but for excessive absenteeism without medical

documentation.  Her further found that in 2009, her treating physician noted that Plaintiff was

not compliant with follow up appointments because Plaintiff reported that she did not have time

for medical appointments since she was working two jobs.  He further found that her self-

reported daily activities included watching television and reading, without any indication that

she could not sit for long periods of time.   He found that she is able to drive, shop and handle

her own finances.  He also found that Plaintiff testified that she could lift up to ten pounds at a

time.

In short, the ALJ's findings were supported by substantial evidence, and well justified his

Residual Functional Capacity assessment that Plaintiff was able to perform the full range of

sedentary work.  As the Tenth Circuit has explained, "[c]redibility determinations are peculiarly

the province of the finder of fact, and we will not upset such determinations when supported by

substantial evidence."[17]

---

[17]*Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

**V.      Conclusion**

For these reasons, the Court concludes that the ALJ did not err in finding Plaintiff not disabled at steps three, four or five.  Accordingly the decision of the Commissioner will be affirmed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's decision denying Plaintiff a period of disability, disability benefits and supplemental security income is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated: March 22, 2013

                           S/ Julie A. Robinson
                           JULIE A. ROBINSON
                           UNITED STATES DISTRICT JUDGE